Danieu, Judge.
The 11th section of the act of 1784, (see 1 Rev. stat. ,c. 122 sec. 1,) requires a will of lands, to be subscribed by two witnesses in the presence of the testator, no one of which shall be interested in the devise of the said . lands. This court determined mthe case of Allison v. Allison, 4 Hawks, 141, that a witness to such a will, wTho was interested at the time of attestation, was incompetent to prove the will; and that no subsequent release would render -him competent. This decision arose upon the peculiar phraseology of the 11th section. The 15th section of the s.ame act, (1 Rev. stat. c. 122, sec. 2,) is couched in different terms; it declares that ho nuncupative will in any wise shall be good, where the estate exceeds two hundred dollars, unless proved by two'credible witnesses, present at the making thereof. The section in our act, is mainly taken from the 19th section of the English statute of frauds. That section" in the statute of frauds declares, “ that no nuncupative will shall be good, when the estate thereby bequeathed shall exceed thirty pounds, that is not proved by the oaths of three witnesses.” This statute having said nothing as to the qualifications of these witnesses, it was afterwards thought proper to declare, (stat. 4, Ann, ch. 16, sec. 14,) “that all such witnesses as are and ought to be allowed to be good wit *42 nesses upon trials at law, by the laws and customs of this realm, shall be deemed good witnesses to prove any nuncu-Pat*ve or anY thing relating thereto.” This legislative interpretation is, we think, just such a one as a court of common law necessarily must have put upon the section, had the explaining statute never been 'passed. Witnesses, disinterested at the time they are called on to prove the nuncu-pative will, must be considered to be “ credible,” within the meaning of the 15 section of the act of 1784, or in other words competent according to the course of the common law. We see nothing in the wording of this section, (it being confined to wills of personal property) to induce us to believe that the legislature 'intended to interfere with the rules of proof established at common law. The objection to competency on the ground of interest is removed by an extin-guishment of that interest, by means of a release. And a party cannot, by refusing his assent to a. release or surrender, tendered by a witness on the other side, exclude his testimony. 1 Stark, on Ev. 125, 126, 3 Term Rep. 27. The depositing the release in the Clerk’s office, was sufficient to enable the witness to testify. Perry v. Fleming, 2, Car. Law Repos. 458. We think, after the release, given, the witness was competent to prove the nuncupative will men-^one(^ an¿ j]le opinion of the Court was correct.
The ease of p™y ZCarLavr Repos. 458, approved.
Per Curiam. Judgment affirmed.